IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2006 MAR 15 P 1:09
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

EMBRY WAYNE HESTER, as PERSONAL REPRESENTATIVE of the ESTATE OF MARTHA CAROLYN HESTER, deceased,

    Plaintiff,

v.

MERCK & CO., INC., a New Jersey corporation; PFIZER INC., a Delaware corporation; PHARMACIA & UPJOHN COMPANY, a Delaware company; PHARMACIA CORPORATION, f/k/a 1933 MONSANTO, a Delaware corporation; G.D. SEARLE, LLC., a Delaware corporation;

    Defendants.

**DEMAND FOR JURY TRIAL**

2:06CV242-MHT

## COMPLAINT

Plaintiff, EMBRY WAYNE HESTER, as Personal Representative of the Estate of Martha Carolyn Hester, deceased, by and through his counsel of record, alleges in his complaint against the Defendant, MERCK & CO., INC., PFIZER INC., PHARMACIA & UPJOHN COMPANY, PHARMACIA CORPORATION, f/k/a 1933 MONSANTO, G.D. SEARLE, LLC., as follows:

### STATEMENT OF THE PARTIES

1. Plaintiff, EMBRY WAYNE HESTER, as Personal Representative of the Estate of MARTHA CAROLYN HESTER, deceased, (hereinafter "HESTER"), at all times

relevant hereto resided in Troy, Pike County, Alabama. Plaintiff's decedent took the brand-name prescription drugs, Vioxx and Celebrex.

2. Upon information and belief, Defendant, Merck & Co., Inc., (hereinafter "MERCK"), was and is a pharmaceutical company incorporated under the laws of the State of New Jersey with its principal place of business in New Jersey. Defendant, MERCK, was and is in the business of profiting from the design, manufacture, marketing, distribution and/or sales of the brand-name prescription drug, Vioxx (rofecoxib).

3. Upon information and belief, Defendant, Pfizer Inc., (hereinafter "PFIZER"), was and is a pharmaceutical company incorporated under the laws of the State of Delaware with its principal place of business in New York. Defendant, PFIZER, was and is in the business of profiting from the design, manufacture, marketing, distribution and/or sales of the brand-name prescription drug, Celebrex (celecoxib).

4. Upon information and belief, Defendant, Pharmacia & Upjohn Company, (hereinafter "PHARMACIA"), was and is a pharmaceutical company incorporated under the laws of the State of Delaware with its principal place of business in New York. Defendant, PHARMACIA, was and is in the business of profiting from the design, manufacture, marketing, distribution and/or sales of the brand-name prescription drug, Celebrex (celecoxib).

5. Upon information and belief, Defendant, Pharmacia Corporation f/d/b/a 1933 Monsanto, (hereinafter "PHARMACIA CORPORATION"), a subsidiary of Pharmacia, was and is a Delaware corporation with its principal place of business in Missouri. Defendant, PHARMACIA CORPORATION, was and is in the business of profiting from the design, manufacture, marketing, distribution and/or sales of the brand-name prescription drug, Celebrex (celecoxib).

6. Upon information and belief, Defendant, G.D. Searle, LLC., (hereinafter "G.D. SEARLE"), a subsidiary unit of Monsanto, was and is a Delaware corporation with its principal place of business in Illinois. Defendant, G.D. SEARLE, was and is in the business of profiting from the design, manufacture, marketing, distribution and/or sales of the brand-name prescription drug, Celebrex (celecoxib).

## FACTUAL ALLEGATIONS

7. This action arises from the sales and efficacy of Vioxx and Celebrex. Vioxx is a selective COX-2 inhibitor marketed by MERCK as an anti-inflammatory analgesic. Celebrex is also a COX-2 inhibitor marketed by PFIZER for treatment of arthritis and pain.

8. Defendants distributed, prescribed and/or sold Vioxx and Celebrex to consumers such as Plaintiff's decedent.

9. Despite knowledge in its clinical trials and post-marketing reports, studies and information relating to cardiovascular-related adverse health effects, Defendants promoted, marketed, distributed and/or prescribed Vioxx and Celebrex as safe and effective for persons such as Plaintiff's decedent.

10. Defendants concealed the serious cardiovascular risks associated with Vioxx and Celebrex.

11. If Defendants had not engaged in this conduct, prescribers such as Plaintiff's decedent's treating physician, would not have prescribed Vioxx and Celebrex and patients, such as the Plaintiff's decedent, would have switched from Vioxx and Celebrex to safer products or would have refrained wholly from any use of Vioxx and Celebrex.

12. Defendants engaged in a common scheme in marketing, distributing, prescribing and/or selling Vioxx and Celebrex under the guise that it was safe and efficacious for persons such as Plaintiff's decedent.

13. Plaintiff alleges that the suppression of this information constituted a common scheme by Defendants to conceal material information from Plaintiff's decedent.

14. Plaintiff alleges that the marketing strategies, including without limitation the detail and sampling programs and direct-to-consumer advertising, of the

Defendants targeted Plaintiff's decedent to induce Plaintiff's decedent to purchase Vioxx and Celebrex. At the time the Defendants manufactured, marketed, distributed and/or sold Vioxx and Celebrex, Defendants intended that Plaintiff's decedent would rely on the marketing, advertisements and product information propounded by Defendants.

15. The actions of Defendants, in failing to warn of the clear and present danger posed to others by the use of his drugs Vioxx and Celebrex in suppressing evidence relating to this danger, and in making deliberate and misleading misrepresentations of fact to minimize the danger or to mislead prescribers and patients as to the true risk, constitutes such clear, blatant and outrageous conduct as to warrant the imposition of exemplary damages against Defendants.

### COUNT I: NEGLIGENCE

16. Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

17. Defendants, directly or indirectly, negligently manufactured, designed, tested, labeled, packaged, distributed, promoted, marketed, advertised, or sold Vioxx and Celebrex in the stream of commerce, when the Defendants knew, or in the exercise of ordinary care, should have known that Vioxx and Celebrex posed a

significant risk to Plaintiff's decedent's health and well-being, which risk was not known to Plaintiff's decedent or her prescribers.

18. At all times material hereto, Defendants had a duty to Plaintiff's decedent to exercise reasonable care in the design, testing, labeling, packaging, distribution, promotion, marketing, advertisement, sampling or sale of Vioxx and Celebrex.

19. Defendants breached their duty and were negligent in their actions, misrepresentations, and omissions toward Plaintiff's decedent in that the Defendants:

   a. Failed to include adequate warnings with the medications that would alert Plaintiff's decedent and other consumers to the potential risks and serious side effects of Vioxx and Celebrex ingestion;

   b. Failed to include adequate information or warnings with the medication that would alert Plaintiff's decedent and the health care community to refrain from use of Vioxx and Celebrex without first prescribing traditional NSAIDs such as naproxen or ibuprofen;

   c. Failed to adequately and properly test Vioxx and Celebrex before and after placing it on the market;

   d. Failed to conduct sufficient testing on Vioxx and Celebrex which, if properly performed, would have shown that Vioxx and Celebrex had serious side effects, including, but not limited to the cardiovascular events;

e. Failed to adequately warn Plaintiff's decedent and her healthcare providers that use of Vioxx and Celebrex carried a risk of cardiovascular events, stroke and death; among other serious side effects;

f. Failed to provide adequate post-marketing warnings or instructions after the Defendants knew or should have known of the significant risks of personal injury and death as identified herein among other serious side effects from the use of Vioxx and Celebrex;

g. Failed to adequately warn Plaintiff's decedent that Vioxx and Celebrex should not be used in conjunction with any risk factors for these adverse effects such as a family history of ischemic heart disease, or risk factors for ischemic cardiovascular disease;

h. Failed to adequately disclose and warn Plaintiff's decedent that they undertook the risk of adverse events and death as described herein;

i. Failed to adequately and timely inform the health care industry of the risks of serious personal injury and death from Vioxx and Celebrex ingestion.

20. Defendants knew or should have known that Vioxx and Celebrex caused unreasonably dangerous risks and serious side effects, including death, of which Plaintiff's decedent would not be aware. Defendants nevertheless advertised, marketed, sold and distributed the drugs knowing that there were safer methods and products.

21. As a direct and proximate result of the negligence and breach of Defendants, Plaintiff's decedent sustained fatal injuries. Defendants owed a duty to Plaintiff's decedent to use reasonable care in their actions.

## COUNT II: NEGLIGENT FAILURE TO WARN

22. Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

23. Vioxx and Celebrex were not accompanied by appropriate warnings of the increased risk of adverse side effects caused by the ingestion of Vioxx and Celebrex.

24. Defendants negligently failed to warn consumers who took Vioxx and Celebrex that they were dangerous.

25. Defendants' negligence was the proximate cause of the harm suffered by Plaintiff's decedent.

26. As a direct and proximate cause of Defendants' negligence:
    a. Plaintiff's decedent suffered fatal injuries

## **COUNT III: MISREPRESENTATION AND SUPPRESSION**

27. Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

28. Defendants misrepresented to Plaintiff's decedent and the healthcare industry the safety and effectiveness of Vioxx and Celebrex and/or fraudulently, intentionally and/or negligently concealed material information, including adverse information regarding the safety and effectiveness of Vioxx and Celebrex.

29. Defendants made misrepresentations and actively concealed adverse information at a time when the Defendants knew, or should have known, that Vioxx and Celebrex had defects, dangers, and characteristics that were other than what the Defendants had represented to Plaintiff's decedent and the healthcare industry generally. Specifically, Defendants misrepresented to and/or actively concealed from Plaintiff's decedent, the health care industry and consuming public that:

   a. Vioxx and Celebrex had statistically significant increases in cardiovascular side effects which could result in serious injury or death;

   b. There had been insufficient and/or company-spun studies regarding the safety and efficacy of Vioxx and Celebrex before and after their product were launched;

   c. Vioxx and Celebrex were not fully and adequately tested for the cardiovascular side effects at issue herein;

    d.    Other testing and studies showed the risk of or actual serious adverse risks;

    e.    There was a greatly increased risk of such cardiovascular events and death.

30.    The misrepresentations of and/or active concealment alleged were perpetuated directly and/or indirectly by Defendants.

31.    Defendants knew or should have known that these representations were false and made the representations with the intent or purpose that Plaintiff's decedent would rely on them, leading to the use of Vioxx and Celebrex.

32.    At the time of Defendants' fraudulent misrepresentations, Plaintiff's decedent was unaware of the falsity of the statements being made and believed them to be true. Plaintiff's decedent had no knowledge of the information concealed and/or suppressed by Defendants.

33.    Plaintiff's decedent justifiably relied on and/or was induced by the misrepresentations and/or active concealment and relied on the absence of safety information which the Defendants did suppress, conceal or failed to disclose to Plaintiff's decedent's detriment.

34. Defendants had a post-sale duty to warn Plaintiff's decedent and the public about the potential risks and complications associated with Vioxx and Celebrex in a timely manner.

35. The misrepresentations and active fraudulent concealment by the Defendants constitutes a continuing tort against Plaintiff's decedent, who ingested Vioxx and Celebrex.

36. Defendants made the misrepresentations and actively concealed information about the defects and dangers of Vioxx and Celebrex with the intention and specific desire that Plaintiff's decedent's healthcare professionals and the consuming public would rely on such or the absence of information in selecting Vioxx and Celebrex as treatment.

37. As a direct and proximate result of the fraudulent acts and omissions, suppression and misrepresentation of Defendants, Plaintiff's decedent suffered significant and ongoing injury and damages.

## COUNT IV: BREACH OF WARRANTY

38. Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

39. When Defendants placed Vioxx and Celebrex into the stream of commerce, Defendants knew of the use for which it was intended and expressly and impliedly warranted to Plaintiff's decedent that use of Vioxx and Celebrex were safe and acceptable means of treatment.

40. Plaintiff's decedent reasonably relied upon the expertise, skill, judgment and knowledge of the Defendants and upon the express and/or implied warranty that Vioxx and Celebrex were of merchantable quality and fit for use as intended.

41. Vioxx and Celebrex were not of merchantable quality and was not safe or fit for its intended use because it was and continues to be unreasonably dangerous and unfit for the ordinary purposes for which it is used in that it caused injury to Plaintiff's decedent. Defendants breached the warranty because Vioxx and Celebrex were unduly dangerous in expected use and did cause undue fatal injuries to Plaintiff's decedent.

42. Defendants breached the implied warranty of merchantability because Vioxx and Celebrex cannot pass without objection in the trade, is unsafe, not merchantable, and unfit for its ordinary use when sold, and is not adequately packaged and labeled.

43. As a direct and proximate result of Defendants' breach of the warranty of merchantability, Plaintiff's decedent sustained serious and fatal injuries.

## COUNT V: BREACH OF EXPRESS WARRANTY

44. Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

45. Defendants expressly warranted to the market, including the Plaintiff's decedent, by and through statements made by Defendants or its authorized agents or sales representatives, orally and in publications, package inserts, and other written materials to the health care community, that Vioxx and Celebrex were safe, effective, fit and proper for its intended use.

46. In using Vioxx and Celebrex, Plaintiff's decedent relied on the skill, judgment, representations, and foregoing express warranties of Defendants. These warranties and representations provided to be false because the products were not safe and were unfit for the uses for which it was intended.

47. As a direct and proximate result of Defendants' breaches of warranties, Plaintiff's decedent suffered fatal injuries

## COUNT VI: FRAUD

48. Plaintiff restates each and every preceding allegation of this Complaint and incorporates each by reference as though set forth in full herein.

49. Defendants committed actual fraud by making material representations, which were false, knowing that such material representations were false and/or with reckless disregard for the truth or falsity of such material representations, with the intent that Plaintiff's decedent relied on such material representations; Plaintiff's decedent acted in actual and justifiable reliance on such material misrepresentations and was injured as a result.

50. In addition, and in the alternative if necessary, Defendants knowingly omitted material information, which omission constitutes a positive misrepresentation of material fact, with the intent that Plaintiff's decedent relied on Defendants' misrepresentations; Plaintiff's decedent acted in actual and justifiable reliance on Defendants' representations and was injured as a result.

51. Defendants committed constructive fraud by breaching one or more legal or equitable duties owed to Plaintiff's decedent relating to Vioxx and Celebrex at issue in this lawsuit, said breach or breaches constituting fraud because of their propensity to deceive others or constitute an injury to public interests or public policy.

## COUNT VII: ALABAMA EXTENDED MANUFACTURERS LIABILTY DOCTRINE (AEMLD)

52. Plaintiff restates each and every preceding allegation of this Complaint and

incorporates each by reference as though set forth in full herein.

53. Defendants are liable to Plaintiff's decedent who was a citizen of the State of Alabama (Alabama Plaintiff) pursuant to the AEMLD. Defendants are in the business of manufacturing, distributing, and marketing Vioxx and Celebrex. Defendants manufactured, distributed, and marketed Vioxx and Celebrex which were in a defective condition, and unreasonably dangerous when applied to their intended use in the usual, foreseeable, and customary manner. Plainitiff's decedent, while consuming Vioxx and Celebrex in the usual and customary manner, as such were intended to be used, was fatally injured and damaged as a proximate result of Defendants placing the products on the market. Vioxx and Celebrex were unreasonably dangerous at the time such were placed on the market by Defendants. Vioxx and Celebrex, at the time of Plaintiff's decedent's fatal injuries and damages, were in substantially the same condition as when marketed by Defendants.

54. Defendants negligently or wantonly failed to give reasonable and adequate warning of dangers of Vioxx and Celebrex known to Defendants, or which in the exercise of reasonable care should have been known to the Defendants, and which Plaintiff's decedent could not obviously discover.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff requests that the jury selected to hear this case render a verdict for Plaintiff and against each Defendant, separately and severally, and that the jury award damages to the Plaintiff in an amount which will adequately punish the Defendants for their wrongful conduct and negligence which resulted in the Plaintiff's decedent's serious injuries and resulting death.

Respectfully submitted,

_____
Tom Dutton (ASB-2059-U50T)

_____
Elisabeth French (ASB-3527-T81E)

Counsel for Plaintiff

OF COUNSEL:

PITTMAN HOOKS DUTTON KIRBY & HELLUMS, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203
(205) 322-8880
(205) 328-2711 facsimile
www.PHDKH-efiling@pittmanhooks.com

## JURY DEMAND

Plaintiff hereby demands a struck jury for the trial in this cause.

_____
Counsel for Plaintiff

**DEFENDANTS TO BE SERVED BY CERTIFIED MAIL AS FOLLOWS:**

Merck & Company, Inc.
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

Pfizer Inc.
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109


Pharmacia & Upjohn Company
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

Pharmacia Corporation f/d/b/a 1933 Monsanto
c/o The Corporation Company
2000 Interstate Park Drive
Suite 204
Montgomery, Alabama 36109

G.D. Searle & Company
1209 N. Orange Street
Wilmington, DE 19801-1120