## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **EMBRY WAYNE HESTER as** | § | |
| **Personal Representative of the** | § | |
| **Estate of Martha Carolyn Hester,** | § | |
| **deceased,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **vs.** | § | **CASE NO.: 2:06-CV-242-MHT** |
| | § | |
| **MERCK & CO., INC. a New Jersey** | § | |
| **Corporation; et al.,** | § | |
| | § | |
| **Defendants.** | § | |

## RESPONSE BY DEFENDANT MERCK & CO., INC. TO SHOW CAUSE ORDER AND MOTION TO STAY PENDING TRANSFER DECISION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

### INTRODUCTION

Defendant Merck & Co., Inc. ("Merck") responds to this Court's show cause order of April 14, 2006 (Doc. 9) by moving this Court to stay all proceedings in this action pending its likely transfer to *In re VIOXX Prods. Liab. Litig.* MDL No. 1657, the Multidistrict Litigation ("MDL") proceeding that has been established in the Eastern District of Louisiana to coordinate all product liability cases involving alleged health risks from Vioxx® (hereinafter the "Vioxx product liability cases").

On March 24, 2006, Merck provided notice to the Judicial Panel on Multidistrict Litigation (the "MDL Panel") of this "tag-along" action pursuant to

Rule 7.5 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation ("R.P.J.P.M.L.").  Merck expects a conditional transfer order including this case to be issued shortly.

A stay of proceedings pending transfer is necessary and appropriate to achieve the judicial economies that underlie 28 U.S.C. § 1407.  Absent a stay, this Court will expend judicial resources supervising pre-trial proceedings and entering rulings in a case over which it will likely soon lose jurisdiction.  Moreover, without a stay, Merck will be significantly and unfairly prejudiced because it will have to duplicate discovery and legal briefing in jurisdictions around the country.

## BACKGROUND

### A.    MDL-1657

On February 16, 2005 the MDL Panel issued a transfer order, establishing MDL Proceeding No. 1657, *In re VIOXX Products Liability Litigation.*  The Transfer Order directed that the 148 cases subject to original motions be transferred and coordinated for pretrial proceedings in the U.S. District Court for the Eastern District of Louisiana, before the Honorable Eldon E. Fallon.  *See* February 16, 2005 Transfer Order attached hereto as **Exhibit A.**  In the Transfer Order, the Panel held that the Vioxx product liability cases have overlapping questions of fact:

> On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact, and that centralization under Section 1407 in the Eastern District of Louisiana will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions focus on the alleged increased health risks (including heart attack and/or stroke) when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers. Centralization under Section 1407 is necessary in order to eliminate duplicative discovery, avoid inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

(*Id.* at 2.)

The MDL Panel also held that the "nearly 300 potentially related actions pending in multiple federal districts . . . will be treated as potential tag-along actions." (*Id.* at n. 1.) There are processes in place for facilitating the transfer of related cases to Judge Fallon's Court quickly and efficiently. Merck counsel updates the Panel twice a week in writing of newly-filed cases and developments in cases under Panel consideration. The MDL Panel has been issuing conditional transfer orders transferring hundreds of additional related cases to Judge Fallon based on the information in these tag-along letters.

To date, the Panel has issued over 40 conditional transfer orders, and well over 1,000 cases have been transferred to the MDL proceeding. Pursuant to the reporting procedures mentioned above, Merck provided notice of this action in a March 24, 2006 letter to the Panel. *See* Correspondence of 3/24/06, Exhibit B.

3

Based on prior MDL Panel action, Merck expects the issuance of a conditional transfer order applicable to this action within a few days.  Assuming Plaintiff does not object within the 15-day period set forth in J.P.M.L. Rule 7.4(c), the transfer order will be filed in Judge Fallon's court upon expiration of the period to object, and the case will be transferred for coordinated pretrial proceedings, in all likelihood within 30 days from today.

### B.    The Instant Action

On or about March 15, 2006, Plaintiff commenced this action against Merck and other defendants by filing a Summons and Complaint in this Court.  The Complaint alleges that Merck and the other defendants are responsible for the death of Plaintiff's decedent, which was allegedly caused by his usage of Vioxx and/or similar prescription medications.  See Complaint, ¶¶21, 26.

On March 23, 2006, Merck was served with a copy of Plaintiffs' Complaint. On April 12, 2006, Merck filed an Answer and jury demand.  With respect to the allegations Plaintiff makes against Merck, there is no dispute that this case involves the same factual inquiries that the Panel found in the Vioxx product liability cases generally thereby warranting coordinated pre-trial proceedings in the Eastern District of Louisiana.  Specifically, the claims against Merck in this case, like other Vioxx product liability cases, focus on the alleged increased health risks

4

when taking Vioxx, an anti-inflammatory drug, and whether Merck knew of these increased risks and failed to disclose them to the medical community and consumers. For example, Plaintiff alleges as follows:

> Despite knowledge in its clinical trials and post-marketing reports, studies and information relating to cardiovascular-related adverse health effects, Defendants promoted, marketed, distributed and/or prescribed Vioxx and Celebrex as safe and effective for persons such as Plaintiff's decedent.
>
> Defendants concealed the serious cardiovascular risks associated with Vioxx and Celebrex.
>
> If Defendants had not engaged in this conduct, prescribers such as Plaintiff's decedent's treating physician, would not have prescribed Vioxx and Celebrex and patients, such as the Plaintiff's decedent, would have switched from Vioxx and Celebrex to safer products or would have refrained wholly from any use of Vioxx and Celebrex.
>
> The actions of Defendants, in failing to warn of the clear and present danger posed to others by the use of the drugs Vioxx and Celebrex in suppressing evidence relating to this danger, and in making deliberate and misleading misrepresentations of fact to minimize the danger or to mislead prescribers and patients as to the true risk, constitutes such clear, blatant and outrageous conduct as to warrant the imposition of exemplary damages against Defendants.

See Complaint at ¶9-11, 15.

## ARGUMENT

Guided by the "policies of justice and efficiency," this Court should exercise its discretion to stay all further proceedings here pending transfer of this case to MDL-1657. *Boudreaux v. Metropolitan Life Ins. Co.,* No. 95-138, 1995 WL 83788, at *1 (E.D. La. Feb. 24, 1995). The power to stay is well established and particularly apt here. It is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S 248, 254 (1936).

Where, as here, the MDL Panel has already decided that coordination is appropriate, and has designated a venue for the coordinated proceedings, a stay is particularly appropriate pending conditional transfer to those proceedings. *See New Mexico State Inv. Council v. Alexander*, 317 B.R. 440, 446 (D. N.M. 2004); *Mathern v. Wyeth*, No. Civ.A. 04-2116, 2004 WL 1922028, at *1 (E.D. La. Aug. 25, 2004); *Knearem v. Bayer Corp.*, Civil Action 02-2096-CM, 2002 WL 1173551, at *1 (D. Kan. May 7, 2002); *Jackson ex rel. Jackson v. Johnson & Johnson, Inc.*, No. 01-2113 DA, 2001 WL 34048067, at *6 (W.D. Tenn. Apr. 3, 2001).

When deciding whether to issue a stay pending the MDL Panel's decision on transfer of an individual action, courts look at (1) considerations of judicial economy and (2) avoidance of conflicting rulings. *Mathern*, 2004 WL 1922028, at

*1.  As described below, consideration of both of these factors favor granting a stay of this action.  Hundreds of Vioxx cases have been stayed by courts around the country pending MDL coordination.

For example, in *Denny v. Merck & Co., Inc.,* No. 04-cv-00526, slip op. (S.D. Tex. Dec. 6, 2004), the court stayed all proceedings over plaintiffs' objection, holding that "[t]he power to stay all proceedings is well established and particularly apt here."  *Id.* at 2.  The court observed there that "[i]t would not be efficient for this Court to invest its limited time and resources in this claim, only for it to be transferred to MDL.  Moreover, both sides will benefit by having a court familiar with the complex issues that arise in pharmaceutical claims."  *Id.*

## I.    <u>JUDICIAL ECONOMY MANDATES A STAY</u>

Because of the overlapping factual issues and similar legal theories that exist in the Vioxx cases currently pending in federal court, including this civil action, work would be needlessly duplicated if pretrial proceedings and discovery proceed on a parallel track with MDL-1657.  Moreover, if this Court were not to issue a stay, it would be issuing rulings that would likely be reconsidered after this case is transferred to Judge Fallon's court.  As the court in *U.S. Bank, Nat'l Ass'n v. Royal Indem. Co.*, No. Civ. A 3:02-CV-0853-P, 2002 WL 31114069, at * 2 (N.D. Tex. Sept. 23, 2002), noted in granting defendant's motion for a stay, "[i]f the MDL

motion is granted, all of the Court's time, energy, and acquired knowledge regarding the action and its pretrial procedures will be wasted."    2002 WL 31114069, at *2.  *See also Fontanilles v. Merck & Co., Inc.*, No. 04-22799-CIV-HUCK (S.D. Fla. Dec. 14, 2004), slip op. at 2 ("Judicial consistency, economy and uniformity among similar Vioxx cases would be served by deferring resolution of the remand issue at this time"); *Falick v. Merck & Co., Inc.*, No. 04-3006 (E.D. La. Jan. 3, 2005), slip op. at 2 ("Considering the multitude of cases currently stayed due to the pending MDL coordination, the Court finds that staying the proceedings will serve the interests of judicial economy.").

The Court should not expend its limited resources "familiarizing itself with the intricacies of a case that would be heard [for pre-trial purposes] by another judge." *See Rivers v. The Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997).  Indeed, Judge Fallon has already issued orders anticipating the transfer of cases such as this; those orders will immediately apply upon transfer of the case to his court. *See, e.g., In re VIOXX® Products Liab. Litig.*, Pretrial Order No. 1, attached hereto as **Exhibit C** at 1-2 ("This order . . . will also apply to any 'tag-along actions' later filed in, removed to, or transferred to, this Court.").

## II.  <u>MERCK FACES UNDUE PREJUDICE WITHOUT A STAY</u>

In addition to the waste of judicial resources inherent in proceeding with this action prior to MDL transfer, Merck would be substantially prejudiced by duplicative discovery and motion practice if a stay is not imposed.  *See American Seafood, Inc. v. Magnolia Processing*, Civ. A. Nos. 92-1030, 92-1086, 1992 WL 102762, at *2  (E.D. Pa. May 7, 1992) ("The duplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of a stay").  Plaintiffs across the country will likely notice the same Merck employees and former employees for deposition. Without a stay, the risk exists that Merck will have to produce these witnesses on multiple occasions in different jurisdictions.

A stay will not, however, unduly prejudice Plaintiff in this action.  First, any delay that Plaintiff may experience will be minimal, and the prejudice to Merck would far outstrip any harm to Plaintiff.  *See Arthur-Magna v. Del-Val Financial Corp.*, No. CIV.A. No. 90-4378, 1991 WL 13725, at *1 (D. N.J. Feb. 1, 1991) (even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay).  Indeed, all of the parties will benefit through increased efficiency and coordinated pretrial case management and, as

such, any potential delay is outweighed by the potential efficiencies available in a coordinated MDL proceeding.

Second, this action is not on the eve of trial. Discovery has not yet begun. Because Plaintiff has expended limited resources to date, he will not be prejudiced by a limited delay. This Court should therefore stay all proceedings in this civil action pending a determination on the transfer of this case to MDL-1657.

## <u>CONCLUSION</u>

For the foregoing reasons, Merck respectfully moves this Court to stay all proceedings in this case pending transfer to the MDL proceeding in the Eastern District of Louisiana.

Respectfully submitted this 17th day of April 2006.

---

/s/ Benjamin C. Wilson
One of the Attorneys for Defendant
Merck & Co., Inc.

OF COUNSEL:
Robert C. "Mike" Brock (ASB-5280-B61R)
Benjamin C. Wilson (ASB-1649-I54B)
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
Post Office Box 270
Montgomery, Alabama 36101-0270
Telephone: (334) 206-3100
Fax: (334) 263-4157

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 17, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Tom Dutton, Esq.
Elisabeth A. French
Pittman, Hooks, Dutton, Kirby & Hellums, P.C.
2001 Park Place North
1100 Park Place Tower
Birmingham, Alabama 35203

Michael Jason Asbell, Esq.
Baker Donelson
420 20th Street N. Suite 1600
Birmingham, Alabama 35203-5202

Lawrence Brown Clark, Esq.
Adams & Reese/Lange Simpson, LLP
2100 3rd Avenue North Suite 1100
Birmingham, Alabama 35203-3385

/s/ Benjamin C. Wilson